■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Appellant, v MICHAEL D. BUCKLEY, Respondent. [649 NYS2d 823] —Spain, J. Appeal from that part of an order of the Supreme Court (Ingraham, J.), entered September 18, 1995 in Otsego County, which denied plaintiff's motion for summary judgment.

It is undisputed that defendant executed two guaranteed student loan notes, the first in April 1981 in the amount of $1,200 and the second in October 1981 in the amount of $2,500. Pursuant to the terms of the notes, the repayment period would begin six months after the date that defendant was a student on less than a half-time basis, i.e., carrying a course load of less than 12 hours. Defendant was enrolled as a student at the State University College at Oneonta from 1979 to 1982. From 1982 to 1993, he was a student at Indiana University and at Purdue University. In May 1988, it was determined that defendant had fallen below the required 12-hour course load in previous semesters, thereby triggering his obligation to commence repayment of the loans. When no payments were received from defendant, plaintiff, as the loans' guarantor, commenced this action. Plaintiff subsequently filed the instant motion for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions and plaintiff appeals from so much of the order as denied its motion.

In support of its summary judgment motion plaintiff has submitted documentation in evidentiary form which clearly shows that defendant completed only one course totaling three

credit hours during the fall semester of 1983, when he was a student at Indiana University. Plaintiff therefore contends that defendant's obligation to repay the loans commenced six months thereafter, i.e., in July 1984 at the latest. Although defendant has offered proof that he was a full-time student subsequent to the fall semester of 1983, he has failed to refute his status as a part-time student for the fall semester of 1983. The notes executed by defendant do not provide that his obligation to repay the loans will be suspended in the event that he resumes his status as a full-time student. We conclude that no material issue of fact is presented by this case and that plaintiff's motion for summary judgment should have been granted.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion; motion granted and summary judgment awarded to plaintiff; and, as so modified, affirmed.