◼ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v EDMINA C. LEE, Appellant. [681 NYS2d 165] —Peters, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered July 25, 1996 in Albany County, which granted plaintiff's motion for summary judgment.

Defendant received several student loans totaling $2,500 during 1967 and 1968 from Dime Savings Bank while attend-

ing Hunter College in New York City. The obligation for repayment was guaranteed by the New York Higher Education Assistance Corporation, plaintiff's predecessor. On October 1, 1969, defendant executed a promissory note agreeing to repay Dime Savings in the amount of $2,310.10, plus 6% annual interest, when the note matured. The terms of the note provided, *inter alia*, that the note became payable (1) nine months after defendant either completed her course of studies or discontinued enrollment in the institution in which she was enrolled, or (2) nine months after she ceased being a fully matriculated full-time or part-time (not less than six semester hours) student at an accredited degree-granting institution of higher learning or a full-time or part-time (not less than 12 hours per week) student at a vocational institution.[1]

On January 13, 1975, plaintiff purchased the promissory note from Dime Savings upon which defendant made only one payment. In April 1993, plaintiff commenced this action to recover on the unpaid loans, contending that defendant received the loans, signed the promissory note and failed to repay. After defendant's answer raised the defense of Statute of Limitations, plaintiff moved for summary judgment annexing numerous affidavits and documentary evidence in support thereof. Defendant opposed the motion and therein withdrew the Statute of Limitations defense. Instead, she contended that her loan could not have matured when plaintiff claimed since she was then a full-time student. She further alleged that plaintiff's failure to respond to her billing inquiry or communicate with her thereafter rendered her note in default.[2] Supreme Court granted plaintiff's motion for summary judgment and although defendant unsuccessfully moved thereafter to vacate such judgment, only the original order and judgment was appealed.

Defendant admits that her status as a full-time student at Hunter College ended in June 1968 but contends that her full-time status resumed with graduate studies from the fall of 1971 through the spring of 1974. With nothing in the record to substantiate her claim that repayment was suspended nine months after graduation from Hunter College or that Dime Savings allowed her obligation to be postponed should she resume full-time status (*see, New York State Higher Educ. Servs. Corp. v Buckley*, 233 AD2d 552, 553), we find that defendant has wholly failed to sustain her burden of demonstrating

---

1. Although the note further provided that defendant agreed to execute an installment promissory note four months prior to the note becoming mature, there appears no indication in the record that such event occurred.

2. Defendant subsequently filed an amended answer.

the existence of a material issue of fact to defeat plaintiff's prima facie showing of entitlement to summary judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

As to all other contentions, our review reveals no basis to disturb Supreme Court's order and judgment.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.